UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Jane Doe M.K., an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Salesforce.com, Inc., Backpage.com, LLC, Carl Ferrer, Michael Lacey, John Brunst, Scott Spear, Veer Hospitality Phoenix LLC, SeaTac Hotels, LLC, Evergreen Lodging Group, LLC, Madison Avenue P&L Enterprises, Inc., G6 Hospitality, L.L.C., G6 Hospitality IP, L.L.C., G6 Hospitality Property, L.L.C., G6 Hospitality Purchasing, L.L.C., G6 Hospitality Franchising, L.L.C. Motel 6, Inc., Operating, L.P.; and DOES 1-200, inclusive,<br><br>　　　　　　　Defendants. | No.  2:24-cv-00435-TL<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Plaintiff Jane Doe (M.K.), Defendant Veer Hospitality Phoenix LLC, Defendant SeaTac Hotels, LLC, Defendant Evergreen Lodging Group, LLC, Defendant Madison Avenue P&L Enterprises, Inc., Defendant G6 Hospitality, L.L.C., Defendant G6 Hospitality IP, L.L.C., Defendant G6 Hospitality Property, L.L.C., Defendant G6 Hospitality Purchasing, L.L.C., Defendant G6 Hospitality Franchising, L.L.C., Defendant Motel 6 Operating, L.P. (collectively the "Parties") agree that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Protective Order. The Parties acknowledge that this Order is consistent with Fed. R. Civ. P. 26 and LCR 26(c). That Parties acknowledge and agree that it does not confer blanket protection on all disclosures or responses to discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**I.**     **PURPOSES, LIMITATIONS, AND DEFINITIONS**

A.     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with LCR 26(c).

B.     As used in this Protective Order, the following definitions shall apply:

1.     "Action" means *Jane Doe (M.K.) v. Salesforce.com, Inc., et al.*, case number 2:24-cv-00435-TL presently pending in the Western District of Washington at Seattle.

2.     "Party" means any party named in this Action that has not been dismissed.

3.     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

4.     "Counsel of Record" means any attorneys representing a Party.

5.     "Plaintiff's Identity" means Plaintiff's personally identifiable information,

including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current and prior residential address; [5] Plaintiff's personal and home phone numbers and social media or online user accounts; [6] Plaintiff's physical description, including weight, hair color, eye color, ethnicity, tattoos, piercings; [7] Videos, photographs, or other depictions of Plaintiff; and [8] the names of Plaintiff's parents, siblings, children, and spouse, if any.

6. "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things reflecting: [1] potentially sensitive personal identifying or financial information, including but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information, videos, photographs, social media, and names of Non-party witnesses (*e.g. Other Trafficking Survivors*); [2] any trade secret, proprietary information, confidential research, development, commercial, or competitively sensitive information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and [3] any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" which is separately addressed in Section IV.

7. "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

8. "Receiving Party" refers to a Party or Non-Party to which information or items containing Confidential Information has been produced by a Designating Party.

9. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

10. "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

11. "In-House Counsel" means Attorneys and their support staff who are employees

of a Party.

12. "Coordination Counsel" means Attorneys and their support staff currently litigating, have litigated, or will litigate similar human trafficking actions against the same or similar defendants throughout the United States.

13. "Counsel" (without qualifier) means Outside Counsel, In-House Counsel, and Coordination Counsel (as well as their support staffs).

14. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

15. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

16. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" as provided for in this Protective Order.

17. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

18. "Professional Vendors" means persons or entities that provide litigation support services (*e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium*) and their employees or subcontractors.

19. "Other Trafficking Survivors" includes Non-Parties who were trafficked at the same hotel(s) as M.K.

## II. SCOPE

A. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies,

excerpts, summaries, or compilations of Confidential Information and Protected Material; and [3] any testimony, conversations, or presentations by Parties or their Counsel that may reveal Protected Material.

B. The protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

C. This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

D. To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

E. To the extent a Party independently learns, obtains, or acquires Confidential Information or information regarding Plaintiff's identity, such information is subject to the terms of this Protective Order and the Party shall not share that material with any Non-Party, absent express written permission from the subject Party, unless in conformance with this Protective Order.

### III. ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL

A. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose Protected Material to:

    1. Any of the Receiving Party's Counsel of Record in this action, including their employees;

    2. Outside Counsel to whom it is reasonably necessary to disclose the information

for this litigation, or for coordination purposes;

    3.    The current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to litigate any claims or defenses and who are bound by this Protective Order;

    4.    Former officers, directors, and employees (including In-House Counsel) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (hereinafter "Exhibit A");

    5.    Experts, investigators, contractors, consultants, and Coordination Counsel to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

    6.    The court and court personnel;

    7.    Court reporters, recorders, and videographers engaged for depositions;

    8.    Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Protected Material;

    9.    During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Protected Material so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Protected Material upon termination of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

    10.    Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

    11.    Insurers for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute and who have signed exhibit A;

12. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

C. Before filing Protected Material or discussing or referencing Protected Material in court filings, the filing party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Confidential Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

## IV. ACCESSING AND USE OF PLAINTIFF'S IDENTITY

A. During all proceedings in this litigation and in any public filing, the Parties must either redact Plaintiff's Identity or use the pseudonym "M.K." or "Jane Doe" in place of Plaintiff's Identity.

B. Within three days of the entry the filing of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with Plaintiff's full name, maiden name, alias names used at any time. Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) and associates, such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff intends to rely upon at trial. The protections conferred by this Order do not cover information that is in the public

domain or becomes part of the public domain through trial or otherwise.

      C.      Access to Plaintiff's Identity shall be limited to, and <u>only</u> to, the following:

           1.      The Parties as defined in Section 1(B)(2), including current and employees (including In-House Counsel), officers, and representatives of the Parties necessary to litigate any claims or defenses. Plaintiff's Identity provided to Parties will be limited to Plaintiff's name and photographs only;

           2.      Any Counsel of Record for the Parties, retained specifically for this action and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;

           3.      Law enforcement agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any Party's discovery obligations or requirement;

           4.      Former employees (including In-House Counsel), officers, contractors and representatives of the Parties will have access to Plaintiff's name and photographs only, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action and who execute Exhibit A;

           5.      Any witness who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action will have access to Plaintiff's name and photographs only, and who executes Exhibit A;

           6.      Counsel retained specifically for this action and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses;

           7.      Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

           8.      Insurers for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute and who have signed exhibit A;

           9.      The Court and Court personnel;

        10.     Court reporters, recorders, and videographers engaged for depositions;

        11.     Any custodian of records;

        12.     Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have signed Exhibit A;

        13.     Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A;

        14.     Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

        15.     Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

    D.     Only Plaintiff's identifying name(s) and/or photographs may be disclosed to Plaintiff's alleged trafficker(s), and his or her counsel, and only to the extent it is necessary, *i.e.,* that Plaintiff's Identity will assist the alleged trafficker(s) in recalling, relating, or explaining facts or in testifying.

    E.     Defendants shall submit an ex parte letter to the court of its intent to contact Plaintiff's alleged trafficker(s) and to reveal Plaintiff's identity to the alleged trafficker(s), as well as provide Plaintiff with notice that it has done so. In their ex parte submission to the Court, Defendants shall describe the information sought, describe why that information is sought from the alleged trafficker(s) as opposed to some other source, and explain the necessity of disclosing Plaintiff's identity. Defendants shall provide a written explanation of measures that will be taken to protect Plaintiff from Plaintiff's alleged trafficker(s) after disclosure. The court will evaluate the request to ensure that the information sought is relevant to the elements of a claim or defense and proportional to the needs of this case.

        1.     Should the Court grant Defendants' request, Defendants shall provide Plaintiff with at least fourteen (14) days advance notice of the contact, the identity of the alleged trafficker(s) who will be contacted, and the information that will be disclosed regarding Plaintiff.

## V. **DESIGNATING PROTECTED MATERIAL**

A. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

B. Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties*) expose the designating party to sanctions.

C. If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

D. Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, disclosure or documents and things that qualify for protection under this Protective Order must be clearly designated before production.

   1. For information produced in documentary form (*e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings*), the Designating Party must affix the word "CONFIDENTIAL" to each page that contains confidential material. Documents produced in native electronic format (such as Microsoft Excel files) shall have a confidentiality designation affixed to the file name of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, *by making appropriate markings in the margins*).

   2. Regarding testimony given in a deposition or in other pretrial proceedings, the Parties and any participating Non-Party must identify on the record, during the deposition or other pretrial

proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

3. When producing other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. Any challenge to a designation of the Designating Party's Protected Material shall be written and identify, with particularity, the documents or information that the Receiving Party contends should be differently designated. It shall also state the grounds for the challenge.

C. The Parties must make every attempt to resolve any dispute regarding confidential designations without the Court's involvement. Any motion regarding confidential designations or for a

protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

D. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under LCR 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g., to harass or impose unnecessary expenses and burdens on other parties*) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until one of the following occurs: [1] the Designating Party withdraws such designation in writing; [2] or the Court rules that the disputed material is not entitled to the designation.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the subpoenaed or otherwise ordered Party must:

1. Redact Plaintiff's Identity or use the pseudonym "M.K." or "Jane Doe" in place of Plaintiff's Identity;

2. Promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

3. Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

4. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

**VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately [1] notify in writing the Designating Party of the unauthorized disclosures; [2] use its best efforts to retrieve all unauthorized copies of the Protected Material; [3] inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and [4] request that such person or persons execute Exhibit A.

B.   Any intentional or reckless unauthorized disclosure is subject to appropriate sanctions by the Court.

**IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

B.   Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

C.   The Receiving Parties must, unless they contest the claim or privilege or protection in accordance with this Protective Order, do the follow: [1] return, delete, or destroy all copies of the inadvertently disclosed material(s); and [2] provide a certification that all materials were destroyed or returned.

**X.   NON-TERMINATION AND RETURN OF DOCUMENTS**

A. Within sixty (60) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material, at the option of the Designating Party.

B. All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Counsel or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain the following documents:

　　1. All documents filed with the court, including but not limited to, pleadings, briefs, memoranda, motions;

　　2. All trial, hearing, and deposition transcripts, including exhibits; and

　　3. Correspondence, attorney work product, expert reports, and consultant and expert work product, even if such materials contain confidential material.

C. The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**PRESENTED BY:**

　　　　　　　　　　　　　　　　　　　　SINGLETON SCHREIBER

Dated: October 11, 2024　　　　　　　　　/s/ Meagan Verschuren
　　　　　　　　　　　　　　　　　　　　Meagan Verschueren, Esq.
　　　　　　　　　　　　　　　　　　　　Katie Llamas, Esq.
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Jane Doe M.K.


　　　　　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: October 11, 2024　　　　　　　　　/s/ Heather M. Jensen
　　　　　　　　　　　　　　　　　　　　Heather M. Jensen, Esq.
　　　　　　　　　　　　　　　　　　　　Maxine E. Faisant, Esq.
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants G6 Hospitality LLC, G6
　　　　　　　　　　　　　　　　　　　　Hospitality IP LLC, G6 Hospitality Property LLC, G6
　　　　　　　　　　　　　　　　　　　　Hospitality Purchasing LLC, G6 Hospitality Franchising
　　　　　　　　　　　　　　　　　　　　LLC, and Motel 6 Operating LP

|   |   |
|---|---|
|   | COZEN O'CONNOR |
| Dated: October 11, 2024 | /s/ Robert D. Lee<br>Robert D. Lee, Esq.<br>Attorneys for Defendant Madison Avenue P&L Enterprises, Inc. |
|   | CLEMENT & DROTZ PLLC |
| Dated: October 11, 2024 | /s/ John Drotz<br>John Drotz, Esq.<br>Attorneys for Defendant SeaTac Hotels LLC |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this 11th day of October, 2024.

Honorable Tana Lin
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington at Seattle on _____ in the case of Jane Doe M.K. v Salesforce.com, Inc., et al., Case No. 2:24-cv-00435-TL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington at Seattle for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

_____
Printed Name

_____
Signature

_____
City and State where sworn and signed