1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br> v.<br><br>SALESFORCE.COM INC ET AL,<br><br>      Defendants. | CASE NO. 2:24-cv-00435-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Defendants' G6 Hospitality, L.L.C.; G6 Hospitality IP, L.L.C.; G6 Hospitality Property, L.L.C.; G6 Hospitality Purchasing, L.L.C.; and G6 Hospitality Franchising, L.L.C. Motel 6, Inc., Operating, L.P. (collectively "G6 Defendants") Motion for Reconsideration of the Court's Order on Motion to Proceed Under Pseudonym and for Protective Order (Dkt. No. 85). Dkt. No. 89.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal

authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting reconsideration is an "extraordinary remedy," and the moving party bears a "heavy burden"). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. Inc.*, 229 F.3d at 883).

G6 Defendants seek reconsideration of the Court's inclusion of the following language in the Protective Order: "Defendants shall provide a written explanation of measures that will be taken to protect Plaintiff from Plaintiff's alleged trafficker(s) after disclosure." Dkt. No. 89 at 2; *see also* Dkt. No. 85 at 12.

The focus of the Parties' briefing on the underlying motion was the disclosure of Plaintiff's identity and overbreadth of her proposed order. *See generally* Dkt. Nos. 55-1, 63, 64, 65, 67, 70, 71. The Court focused on the same in its order. *See generally* Dkt. No. 85. The import of the sentence at issue was not considered fully by the Court until G6 Defendants brought the instant motion. The Court FINDS that G6 Defendants have made a showing of manifest error and that reconsideration is appropriate.

As the Court explained in its Order on Motion to Proceed Under Pseudonym and for Protective Order, Plaintiff's legitimate safety concerns support the imposition of restrictions on

Defendants' contact with her traffickers and on Defendants' ability to disclose Plaintiff's identity to them. *See* Dkt. No. 85 at 10–11. The Court therefore imposed a number of protections for Plaintiff, including restricting the identifying information that may be provided to Plaintiff's traffickers to only Plaintiff's name(s) or photograph, limiting Defendants' contact with Plaintiff's traffickers to instances where the Court has evaluated the necessity of such contact and determined that it is relevant and proportional, and advance notice to Plaintiff in the case that Defendants do contact her traffickers. *Id.* at 12–13. The Court notes that the case cited by Plaintiff for the requested language, *E.S. v. Best W. Int'l, Inc.*, No. 3:20-CV-00050-M, 2021 WL 37458, at *3 (N.D. Tex. Jan. 4, 2021), does *not* include the requested sentence. Therefore, in line with other courts granting protective orders in similar situations, the Court declines to create an affirmative obligation for Defendants to do anything further than what is detailed in the Protective Order. Should Plaintiff desire specific additional protections from Defendants, she may file a motion if appropriate.

Accordingly, the Court ORDERS as follows:

1. The Court GRANTS G6 Defendants' motion for reconsideration.
2. The Court further STRIKES the prior Protective Order (Dkt. No. 88).
3. The Court ORDERS G6 Defendants to file an amended stipulated protective order within five (5) days of this Order that omits the following sentence: "Defendants shall provide a written explanation of measures that will be taken to protect Plaintiff from Plaintiff's alleged trafficker(s) after disclosure."

Dated this 21st day of October 2024.

Tana Lin
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION - 3