UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

               Plaintiff,

    v.

SALESFORCE.COM INC., et al.,

               Defendants.

CASE NO. C24-435-TL-BAT

**ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANTS' MOTION TO COMPEL AND PLAINTIFF'S CROSS-MOTION FOR A PROTECTIVE ORDER**

      The G6 Defendants and defendant SeaTac Hotels LLC ("G6/SeaTac Defendants") move to compel (1) to reopen plaintiff M.K.'s deposition; (2) to compel her to answer questions she refused to answer in her first examination under oath; and (3) to limit the objections/instructions not to answer by her counsel in her next exam.[1] **Dkts. 127, 134.** The Court **GRANTS in-part** and **DENIES in-part** the G6/SeaTac Defendants' motion to compel without prejudice to moving to reopen the deposition at a later time when the G6/SeaTac Defendants can better explain the timing, scope, and extent to which plaintiff's history of sexual abuse outside of the trafficking

---

[1] The Court has considered the G6 Defendants' supplemental authority, Dkt. 146, and plaintiff's objection to that authority, Dkt. 147, and the G6 Defendants' response to the objection, Dkt. 148. Neither the supplemental authority nor the parties' argumentation over its relevance has been helpful in resolving the motion to compel.

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 1

period, covered by Federal Rule of Evidence 412, is relevant to their challenge to plaintiff's claim of emotional damages and cannot be obtained except through a deposition. The Court **GRANTS in-part** and **DENIES in-part** plaintiff's cross-motion for a protective order with respect to queries related to Rule 412 and liability (as opposed to damages) and the subject matter, scope, and timing of a reopened deposition.[2] **Dkt. 137.** The Court also addresses other issues raised by the parties' motions below.

### BACKGROUND

The G6/SeaTac Defendants own, operate, or franchise Motel 6 hotels in King County, Washington. Dkt. 1 [hereinafter "Complaint"] ¶¶ 16, 20–28. Plaintiff alleges that she is a survivor of sex trafficking, and that for several years she was repeatedly forced by her traffickers to engage in commercial sex at certain Motel 6 properties.[3] Complaint ¶ 8. Plaintiff asserts claims for (1) perpetrator liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") against the G6 Defendants and all hotel defendants like SeaTac Hotel, (2) beneficiary liability against all defendants, and (3) vicarious liability for TVPRA violations against the G6 Defendants. Complaint ¶¶ 234–49; *see* 18 U.S.C. § 1595(a). Plaintiff alleges, among other damages, mental anguish and emotional distress. Complaint ¶ 254(i).

To state a claim for civil perpetrator liability, a plaintiff must show that the defendant either (1) committed an act prohibited under Section 1591(a)(1), such as knowingly harboring, maintaining, or transporting a victim or commercial sex acts using force, fraud, or coercion, or

---

[2] The Court construes plaintiff's request for a protective order contained in responsive briefing as a cross-motion for a protective order. Dkt. 137, at 1. That cross-motion was, however, filed without being properly noted for consideration in accordance with Local Civil Rule 7(d)(2).

[3] In the Complaint, plaintiff refers to a trafficking period of 2015 to 2023. Complaint ¶ 8. In the sealed deposition, plaintiff refers to a trafficking period of 2015 to 2021. Dkt. 130, Ex. A 26:19.

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 2

(2) engaged in a venture under Section 1591(a)(2) that facilitated such acts, knowing or in reckless disregard of the trafficking. 18 U.S.C. § 1595(a). To state a claim for beneficiary liability, a plaintiff must show that the defendant (1) knowingly benefitted; (2) from participation in a venture; (3) which they knew or should have known was engaged in conduct that violated the TVPRA. 18 U.S.C. § 1595(a); *Ratha v. Patthana Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022). To state a claim of vicarious liability under the TVPRA against a franchisor such as the G6 Defendants via common law, a plaintiff must plausibly allege that (1) defendants and their corresponding hotels were in an agency relationship, and (2) the hotels or hotel staff are plausibly liable under Section 1595. *See, e.g.*, *Doe v. G6 Hospitality Property LLC*, 2025 WL 3537626, at *5 (W.D. Wash. Dec. 10, 2025); *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 939 (D. Or. 2020). In sum, under the facts of this case, to state a claim under perpetrator liability, plaintiff must show defendants' actual knowledge of trafficking; to state a claim under beneficiary liability, plaintiff must show defendants' actual or constructive knowledge of trafficking; and to state a claim under vicarious liability, plaintiff must show defendants' principal-agent relationship with those who are liable as perpetrators or beneficiaries such as the hotel staff or hotels.

In their motion, the G6/SeaTac Defendants allege that plaintiff's counsel engaged in misconduct during plaintiff's deposition that prevented them "from examining issues like 'commercial sex' that go to the heart of Plaintiff's claims." Dkt. 138, at 2. They have failed, however, to explain how plaintiff's testimony about consensual sexual activities before or after the trafficking period has any relevance regarding defendants' liability, i.e., what the *defendants* knew or should have known about plaintiff being coerced into commercial sex during a fixed

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 3

period. Moreover, while plaintiff's sexual trauma before or after the alleged trafficking period may be relevant to the question of emotional damages, the G6/SeaTac Defendants have failed to articulate the timing, scope and extent of such an intrusive exploration of topics protected during discovery and trial by Federal Rule of Evidence 412. The G6/SeaTac Defendants are correct that plaintiff's counsel repeatedly and improperly coached and instructed plaintiff not to answer on certain topics. Regardless of these shortcomings, which include counsel for plaintiff's failure to seek a protective order or cessation of the deposition in a timely manner, defendants must provide further information before they are permitted to reopen plaintiff's deposition about consensual sexual activity, commercial or not, that occurred outside of the alleged trafficking period and only in relation to sexual trauma and damages. As is discussed in greater detail below, the G6/SeaTac Defendants may move to reopen plaintiff's deposition and use other forms of discovery to rectify these and other issues in light of providing a more detailed explanation about the timing, scope, and subject matter of questioning.

## DISCUSSION

As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In this case, however, plaintiff is an alleged victim of sex trafficking. For this reason, the scope of discovery regarding sexual behavior is determined with reference to Federal Rule of Evidence 412. *See, e.g.*, *Doe v. City of San Diego*, 2013 WL 3989193 (S.D. Cal. Aug. 1, 2013), at *4 (collecting cases supporting the proposition "[a]lthough Rule 412 governs the *admissibility* of sexual behavior evidence rather than its *discoverability*, the

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 4

policies underlying the Rule must be considered"); *Doe v. Willits Unified Sch. Dist.,* 2010 WL 2524587, at *1 (N.D. Cal. June 23, 2010) (same); *Barta v. City and County of Honolulu*, 16 F.R.D. 132, 135 (D. Haw. 1996) (same). Rule 412 prohibits the following evidence in a case involving alleged sexual misconduct: "1) evidence offered to prove that a victim engaged in other sexual behavior; or 2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). However, in civil cases there is an exception:

> [T]he court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.

Fed. R. Evid 412(b)(2).

The purpose of Rule 412 is "to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associate with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." Advisory Committee Notes to the 1994 Amendments of Fed. R. Evid. 412. The Committee notes advise: "Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." Advisory Committee Notes to the 1994 Amendments of Fed. R. Evid. 412, subdivision (c). The Northern District of California explained how Rule 412 applies to deposition questions involving a plaintiff's sexual behavior:

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 5

> [O]ne guiding principle in determining the proper scope of deposition questions in this case is that questions delving into plaintiff's sexual behavior or disposition should not be allowed absent an affirmative demonstration by defendants that the information sought is relevant to a claim or defense.
>
> On the other hand, another guiding principle here is that defendants have a right to conduct discovery to understand plaintiff's claims and to prepare their defense. Plaintiff cannot use FRE 412 as both a shield and a sword. If plaintiff intends to make affirmative use of evidence regarding her sexual conduct, then defendants should be given an opportunity to test that information through discovery. Stated another way, plaintiff cannot use at trial any evidence that she does not allow defendants to discover.

*Doe v. Willits Unified Sch. Dist.,* 2010 WL 2524587, at *2.

With these guiding principles in mind, the Court addresses the subject areas of discovery sought by the G6/SeaTac Defendants.

### 1.  Questions About Commercial Sex Before and After Trafficking Period

The G6/SeaTac Defendants contend that they should be able to depose plaintiff about consensual sexual activity, specifically about plaintiff M.K.'s participation in commercial sex, outside of the alleged trafficking period. Dkt. 127, at 11–12. Plaintiff's counsel objected to this line of questioning at the deposition, clarifying that M.K. could be asked about other nonconsensual sex acts outside of the trafficking period, or other commercial sex acts during the period in which M.K. was trafficked, but not consensual sex before or after. Dkt. 137, at 3. "As M.K.'s counsel explained, consensual sex has no relevance to M.K.'s action because M.K.'s injuries were caused by rape and force." *Id.* The Court finds that the G6/SeaTac Hotels Defendants have failed to demonstrate in compliance with Rule 412 that evidence of plaintiff's sexual behavior before or after the trafficking period is relevant with respect to TVPRA *liability*,

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 6

and have yet to provide adequate information to determine the proper scope, proportionality, and timing of inquiry into these matters with respect emotional *damages*.

The G6/SeaTac Defendants make no attempt to square their exploration into plaintiff's sexual behavior before and after the trafficking period with the Advisory Committee's admonishment that in accordance with Rule 412 courts should presumptively issue protective orders barring such discovery unless the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. Advisory Committee Notes to the 1994 Amendments of Fed. R. Evid. 412, subdivision (c). The G6/SeaTac Defendants' only justification for exploring plaintiff's non-trafficking period sexual behavior in terms of liability comes in the form of the conclusory statement that plaintiff "prevented Defendants from examining issues like 'commercial sex' that go to the heart of Plaintiff's claims" and have "prejudiced Defendants' ability to defend this case." Dkt. 138, at 2; *see, e.g.*, Dkt. 127, at 12 (stating that plaintiff's "TVPRA claims require her to plead and prove that she is a victim of sex trafficking—that is, involuntary commercial sex."). There is no dispute that plaintiff was involved in commercial sex during the trafficking period. To the extent the G6/SeaTac Defendants question whether the commercial sex during the trafficking period was involuntary, and therefore constituted sex trafficking, they have not indicated how plaintiff's voluntary involvement in commercial sex before or after the relevant period could prove or disprove force or coercion during the relevant period. Furthermore, key to plaintiff proving defendants' liability is their actual or constructive knowledge that plaintiff was the victim of sex trafficking. That is, it is irrelevant for liability purposes whether plaintiff was engaged in commercial sex outside of the trafficking period because the only relevance of such

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 7

information comes from what *defendants* knew or should have known about her involvement in commercial sex that might have informed their decision making (e.g., by turning a blind eye to evidence of it or by ignoring signs that voluntary commercial sex had become coerced), and such evidence is exclusively within the control of the defendants themselves.[4] *See, e.g.*, *W.K. v. Red Roof Inns Inc.*, 2024 WL 5114059, at *3 (N.D. Ga. June 10, 2024) ("As a hypothetical, if one of the Plaintiffs posted an online ad offering commercial sex, it would only be relevant to Defendants' knowledge if Defendants knew or should have known about the ad. The Defendants cannot introduce this evidence simply to prove that they did *not* know about it: a contrary holding would contravene the purposes of Rule 412."). That plaintiff might have a predisposition to invent coercion when none existed because she has previously or is currently engaged in commercial sex work is the kind of evidence that Rule 412 was enacted to forbid in order to protect victims of sexual violence and to encourage reporting such crimes. With respect to liability, the G6/SeaTac Defendants have not demonstrated that the probative value of testimony about plaintiff's sexual behavior or sexual disposition outside of the trafficking period substantially outweighs the danger of harm and unfair prejudice. Fed. R. Evid 412(b)(2).

Only in passing, and largely with respect to plaintiff's invocation of the Fifth Amendment regarding control over a social media account (discussed *infra*), do the G6/SeaTac Defendants refer to plaintiff's engagement in commercial sex with respect to her claim for emotional damages. *See* Dkt. 127, at 14; Dkt. 138, at 3. For example, the G6/SeaTac Defendants argue that plaintiff should not be permitted to claim in her interrogatory responses regarding damages that

---

[4] As mentioned earlier, plaintiff does not dispute deposition questions about non-consensual sex outside of the trafficking period. Dkt. 137, at 3.

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 8

she no longer enjoys sex while continuing to engage in commercial sex. Dkt. 127, at 14. Setting aside the conflation of "enjoyment" with "work," the Court agrees with the G6/SeaTac Defendants that they should be allowed to discover evidence that plaintiff suffered other sexual trauma, either before or after she was allegedly trafficked, as a way to contest causation and the amount of damages plaintiff seeks. *See, e.g.*, *Judd v. Rodman*, 105 F.3d 1339, 1343 (11th Cir. 1997) (holding that evidence of prior relationships was highly relevant to the defendant's liability where plaintiff alleged the defendant gave her herpes); *Red Roof Inns, Inc.*, 2024 WL 5114059, at *4 (holding that the danger of harm or prejudice to plaintiffs by the introduction of their history of sexual trauma is outweighed by its probative value); *Lane v. Am. Airlines*, 2024 WL 1200074, at *3 (E.D.N.Y. March 20, 2024) ("[W]hen a plaintiff alleges emotional or psychological injury, evidence of prior sexual abuse or assaults is admissible to show other sources of that injury and to determine damages.") (citations omitted); *Ramsbottom v. Ashton*, 2023 WL 3098824 (M.D. Tenn. Apr. 26, 2023), at *3 (ruling that with respect to discovery disputes, the question of whether plaintiff suffered abuse in other relationships is relevant to her damages).

Although the Court finds that the defendants are permitted to inquire into evidence regarding sexual trauma plaintiff suffered that occurred outside of the trafficking period for the purpose of challenging causation and damages, the G6/SeaTac Defendants have not meaningfully described how such an inquiry into these matters will be made without eliciting unnecessary details about these traumatic events and unrelated consensual sex. The Court does not presume, as the G6 Defendants appear to imply, that engagement in commercial sex is de facto pleasurable or traumatic; similarly, the Court does not presume, as plaintiff appears to

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 9

imply, that all consensual sex, commercial or private, is incapable of producing trauma. The Court also recommends that the parties meet and confer about the timing and scope of a deposition and other forms of inquiry into plaintiff's sexual history to minimize embarrassment, trauma, and needless invasion into M.K.'s privacy. The Court notes, for example, that the parties might seek leave to delay questioning about sexual trauma until after the resolution of a summary judgment motion; the parties might begin discovery regarding emotional damages by exchanging expert opinions about the sources of plaintiff's trauma, sexual or otherwise; the parties might agree upon a limited scope for a reopened deposition and reserve most inquiry to less intrusive means, such as interrogatories, medical records, and expert opinions.

In sum, the Court finds that Rule 412 precludes the defendants from making broad inquiries into plaintiff's sexual history outside of the trafficking period with respect to liability. Defendants are, however, entitled to inquire into other sexual trauma that plaintiff may have suffered before or after the trafficking period, though only after they have met and conferred about how best to inquire into these sensitive questions via less intrusive means, as well as to explore whether such inquiries can or should be delayed until the resolution of summary judgment motions. Defendants may move to reopen plaintiff's deposition on such questions, but only by submitting all questions regarding sexual trauma to plaintiff beforehand, explaining how the extent, scope, and timing of the inquiries are more probative than harmful or prejudicial, and adhering to the confidentiality requirements of the Amended Protective Order. The Court notes that an inquiry into whether plaintiff engaged in commercial sex outside of the trafficking period is not prohibited. It is, however, at this time limited to an inquiry about the time periods in which plaintiff has engaged in commercial sex and to what extent plaintiff has (if at all) been

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 10

traumatized by consensual sex. This order addresses only whether this information is discoverable. The trial judge will also make a later determination about whether such information is admissible otherwise and in accordance with Rule 412.

### 2. Fifth Amendment and Questions About Social Media Account

The G6/SeaTac Defendants contend that that on instruction from counsel plaintiff improperly invoked the Fifth Amendment to refuse to answer questions about her control over the same social media account used by the traffickers to advertise commercial sex. Dkt. 127, at 13. They are correct that the Fifth Amendment may not be wielded both as a shield and a sword such that, if plaintiff continues to invoke it under these circumstances, the defendants will be entitled to an adverse inference should these issues be raised at trial. *See, e.g., Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969); *S.E.C. v. Collelo*, 139 F.3d 674, 677 (9th Cir. 1998).

Plaintiff alleged that during the trafficking period she lacked control over the social media account used to advertise her for commercial sex and that her trafficker used certain photographs in advertisements. Dkt. 130, Ex. A 109–113. Yet those photographs were used on the same account after her alleged trafficking ended. *Id.* 227–28. Defendants thus asked whether she controlled the account and used it to engage in voluntary commercial sex; counsel instructed her not to answer. *Id.* This was improper. First, the question was not directed toward plaintiff's sexual behavior or predisposition. It was directed towards her personal control after the trafficking period of a social media account that she had stated was previously entirely out of her control. Second, to the extent the question *was* directed towards plaintiff's sexual behavior or sexual predisposition, Rule 412's exception applies because the probative value of the evidence substantially outweighs its potential for harm or prejudice. Fed. R. Evid 412(b)(2). Plaintiff's

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 11

answers relate to the question of whether plaintiff was being forced or coerced into commercial sex during the trafficking period, impeachment of her testimony, and damages. Defendants are not liable if they had actual or constructive knowledge of commercial sex; they are liable if they knew or should have known that plaintiff was being *coerced* into commercial sex. *See, e.g., A.B. v. Extended Stay America Inc.*, 2023 WL 5951390, at *6 (W.D. Wash. Sept. 13, 2023) (finding that allegations consistent with general commercial sex activity, but not rising to the level of sex trafficking, do not give rise to a TVPRA claim).

Once the G6/SeaTac Defendants have properly supported a motion to reopen the deposition, they will be afforded the opportunity to question plaintiff about her control over the social media account that she alleges has been used by her traffickers to advertise commercial sex. Defendants may inquire about plaintiff's control over that social media account both before and after the trafficking period because the discovery of this information appears reasonably calculated to lead to the discovery of admissible evidence and its probative value substantially outweighs the potential for harm or prejudice. Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 412(b)(2). While plaintiff may still invoke the Fifth Amendment, the defendants will be afforded the opportunity to seek an adverse inference from the trial judge should circumstances warrant it.

### 3. Questions About Drug Use

The G6/SeaTac Defendants contend that counsel improperly instructed plaintiff not to answer questions about drug use because the drug use was remote in time, the questions were unlikely to lead to admissible evidence, and the questions invaded plaintiff's privacy. Dkt. 127, at 11 (citing Dkt. 130, Ex. A 16:13–25). They are correct.

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 12

Federal Rule of Civil Procedure authorizes instructing a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Plaintiff's counsel's instructions to M.K. not to answer questions about drug use were none of these and therefore were improper. Either through interrogatories or in a reopened deposition, or both, plaintiff must answer questions about drug use. Plaintiff's Complaint refers to her trafficker using alcohol and drugs to force her to engage in commercial sex and alleges that signs of drug use are an indicator of possible sex trafficking. Complaint ¶¶ 106, 123, 142. Whether plaintiff was already using drugs regularly could lead to discoverable evidence regarding plaintiff's credibility, extent of damages, and a defense that the defendants could be aware of drug use but not of sex trafficking. Whether such evidence is admissible will be a decision for the trial judge.

### 4. Attorney's Fees and Costs

Defendants have accurately cited occasions in which plaintiff's counsel improperly made speaking objections, coached her client, and improperly instructed plaintiff not to answer. *See, e.g.*, Dkt. 130, Ex. A 16:11–25, 20:4–19, 139:25–140:3; 156:8–157:12; 238–41; 274:25–275:3. Defendants are also correct that the proper way for plaintiff to have voiced her objections regarding the discoverability of plaintiff's sexual behavior outside of the trafficking period was to have moved to terminate or limit the deposition via Federal Rule of Civile Procedure 30(d)(3). The G6 Defendants offered to terminate the deposition so that plaintiff could bring a Rule 30(d)(3) motion, but plaintiff declined. Dkt. 130, Ex. A 102:17–103:12. The Court therefore finds that plaintiff's counsel is required to pay the G6/SeaTac Defendants' reasonable expenses

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 13

incurred in making the current motion to compel, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

Nevertheless, the Court finds that plaintiff's objections to inquiries into plaintiff's sexual behavior outside of the trafficking period were substantially justified by defendants' failure to acknowledge the saliency of Rule 412 and a lack of specificity, scope, and timing of questions that on the current record can be directed only towards sexual history as it relates to sexual trauma and damages. Thus, in the interests of justice, the parties shall bear their own costs for any future deposition time.

## CONCLUSION

The G6/SeaTac Defendants' motion to compel is **GRANTED in-part** and **DENIED in-part**. Dkts. 127, 134. Plaintiff's cross-motion for a protective order is **GRANTED in-part** and **DENIED in-part**. Dkt. 137.

Defendants are currently **DENIED** the opportunity to reopen the deposition without prejudice to seeking leave to reopen the deposition at a later date. Plaintiffs are **GRANTED** the protections set forth in this order. The defendants may not inquire about plaintiff's consensual history outside of the trafficking period with respect to *liability*; defendants may inquire about plaintiff's sexual trauma (whether via consensual or nonconsensual sex, or commercial or noncommercial sex) only with respect to *damages*. Before defendants move to reopen the deposition, the parties must meet and confer about the subject matter, scope, and timing of the reopened deposition, mindful that defendants must make an affirmative showing that the evidence sought regarding sexual trauma is more probative than prejudicial, will afford plaintiff the protections embodied in Federal Rule of Evidence 412, and is proportional to the focus on

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 14

emotional damages in accordance with Federal Rule of Civil Procedure 26(b)(1). Such a showing should be supported by evidence that the defendants have first explored emotional damages via medical records, interrogatories, requests for admission, and expert opinions. The Court encourages the parties to consider a joint motion to delay exploration of sexual trauma until after the resolution of any summary judgment motions. Unless the parties agree otherwise, the defendants may move to reopen the deposition for an additional duration of no longer than three hours.

The G6/SeaTac Defendants are **GRANTED** the opportunity to seek through deposition testimony or other forms of discovery information about plaintiff's drug use and her control over the social media account used to advertise commercial sex. The Court thus will also consider a joint, expedited submission about whether the deposition should be reopened for a portion of the three-hour deposition time to take place earlier and separate from questions regarding plaintiff's sexual trauma. The Court will not restrict plaintiff's invocation of the Fifth Amendment in response to these inquiries, but an adverse inference instruction by the trial judge would be warranted if related evidence is used at trial.

During any reopened deposition, plaintiff should refrain from objections beyond those for form or privilege. The deposition may take place either in-person or via video. The parties should coordinate with Courtroom Deputy Andy Quach at 206-370-8424, andy_quach@wawd.uscourts.gov, to schedule the deposition at a time the undersigned magistrate judge will be available to resolve disputes. The deposition may cover topics not addressed in the current order; however, any questions that implicate Rule 412 shall be provided in writing to plaintiff in advance. Discoverability does not presume admissibility, and the

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 15

admissibility shall be determined by the trial judge.

The G6/SeaTac Defendants' request for costs and attorney's fees for bringing this motion to compel is **GRANTED**. Within 30 days of this Order, the G6/SeaTac Defendants should provide the Court with invoices and other details sufficient to show their costs and fees. Upon the Courts' approval, plaintiff's counsel shall pay the G6/SeaTac Defendants the costs and attorney's fees incurred for bringing the motion to compel. The G6/SeaTac Defendants' request for costs and fees for a future deposition of plaintiff is **DENIED**. If the deposition is reopened, the parties shall bear their own costs and fees.

DATED this 23rd day of January, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING IN-PART AND
DENYING IN-PART DEFENDANTS'
MOTION TO COMPEL AND PLAINTIFF'S
CROSS-MOTION FOR A PROTECTIVE
ORDER - 16