UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE, M.K.,
                    Plaintiff,

        v.

G6 HOSPITALITY, L.L.C., et al,[1]
                    Defendants.

CASE NO. 2:24-cv-00435-TL

ORDER ON G6 DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL

The matter is before the Court on G6 Defendants' Objections to Magistrate Judge's Order Granting In-Part and Denying In-Part Plaintiff's Motion to Compel Discovery. Dkt. No. 159. Having reviewed Plaintiff's motion to compel discovery (Dkt. No. 119), G6 Defendants' response (Dkt. No. 123), Plaintiff's reply (Dkt. No. 133), United States Magistrate Judge Brian A. Tsuchida's Order Granting In-Part and Denying In-Part Plaintiff's Motion to Compel

---

[1] As Plaintiff voluntarily dismissed Salesforce.com Inc. as a Defendant in this case (Dkt. No. 43), the Court removes it from the caption and will refer to the case starting with one of the remaining Defendants, G6 Hospitality, L.L.C.

ORDER ON G6 DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL – 1

Discovery (Dkt. No. 158) ("Discovery Order"), and the relevant record, the Court OVERRULES G6 Defendants' objections.

A district court may reconsider any non-dispositive pre-trial order designated to a United States Magistrate Judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). G6 Defendants assert in their objection that the Discovery Order (1) was contrary to law, because it applied the wrong legal standards; and (2) permits discovery that is neither relevant nor proportional.

G6 Defendants' arguments hinge on their assertion that the Discovery Order is contrary to law because it does not address the Ninth Circuit's order in *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159 (9th Cir. 2022), with regard to the scope and time frame of Plaintiff's discovery request. *See* Dkt. No. 159 at 6, 10–11, 13–15. G6 Defendants assert:

> While the plaintiffs offered evidence about "forced labor as a general problem in the Thai shrimp industry, *before the relevant time period*" and evidence "concerning wages at *an entirely different processing facility* [owned by the trafficker], long before the time period at issue," the Ninth Circuit found that this evidence "sheds little light on whether labor abuses were occurring at [the trafficker's] Songkhla factory, let alone whether Wales knew or should have known of such abuses." [*Ratha*, 35 F.4th] at 1177–78 (emphasis added).

*Id*. at 10. Because G6 Defendants read *Ratha* to require that a defendant knew of the alleged trafficking abuses at the specific property in question and not about other crimes, they argue that Plaintiff is not entitled to discovery about "red flag" activities. *Id*. at 13.

The Court finds G6 Defendants' selective quotes from *Ratha* to be misleading. The Ninth Circuit actually found:

> Plaintiffs' evidence suggests, at most, that [the defendant] should have known of labor abuses *in the Thai shrimp industry generally. Sweeping generalities about the Thai shrimp industry* are too attenuated to support an inference that [defendant] knew or should have known of the specifically alleged TVPRA violations at [the specific factory] between 2010 and 2012.

*Ratha*, 35 F.4th at 1177 (emphasis added). Two considerations—one contextual, one temporal—informed the Ninth Circuit's decision that the evidence at issue in *Ratha* shed little light on the questions of whether labor abuses were occurring, or whether the defendant should have known about those abuses: First, child labor and forced labor had been identified only as *general problems* in the Thai shrimp industry. Second the identification of that general problem dated to a time period that *preceded* the relevant time period in that case. If those were the facts here—that is, if the evidence was similarly both nonspecific and untimely—then the Court would agree that the discovery might not be relevant.

But that is not the case here. In this case, Plaintiff alleges that "G6 Defendants' knowledge is *not limited to a general awareness of the problem of sex trafficking in the hotel industry*. G6 Defendants and Hotel Defendants have known, since well before Plaintiff's trafficking, that sex trafficking was ongoing and widespread at Motel 6 branded properties, including the subject properties named herein." Dkt. No. 1 ¶ 139 (emphasis added). The facts matter, and the facts that mattered in *Ratha* are simply not comparable to the facts in this case.

G6 Defendants also cite some orders on motions to dismiss to support their position. Dkt. No. 159 at 11. But the question of what facts may be sufficient to state a claim is very different than the question of what discovery may be granted once claims have been deemed sufficient. And the Court notes that G6 Defendants chose not to file a motion to dismiss in this case, despite all the "red flag" allegations in the complaint (*see, e.g.*, Dkt. No. 1 ¶¶ 158, 159, 169, 170), thereby conceding that the "red flags" were at least sufficient to state a claim. Having conceded

this, it is disingenuous to argue that discovery concerning such "red flags" is not relevant to the case.

Finally, G6 Defendants' claim that the Discovery Order "permitted discovery of 1500+ Motel 6-branded properties across the United States" (Dkt. No. 159 at 14) is also not well taken. Once again, G6 Defendants mischaracterize an order of a court. Indeed, the Discovery Order observes that Plaintiff pointed out that the requested information need not be secured from each of the 1,500-plus Motel 6–branded hotels nationwide. Dkt. No. 158 at 6. Rather, the requests involve "the information within the possession and control of the six entities that comprise the G6 Defendants." *Id.* Even so, the Discovery Order actually narrowed Plaintiff's requests. *Id.* at 5–6.

The Court finds the Discovery Order is neither clearly erroneous nor contrary to law. Therefore, the Court OVERRULES G6 Defendants' objections.

Dated this 16th day of March, 2026.

Tana Lin
United States District Judge